**Gorman v. Crust**

*Robert Mitinger, Jr.*, for plaintiff.
*Joseph E. Favuzza*, for defendant.

CAMPBELL, P. J., February 23, 1972.—Plaintiff filed a complaint in assumpsit before a district magistrate on August 4, 1971. On the hearing date, August 18, 1971, plaintiff failed to appear and judgment was rendered for defendant. On September 3rd, within the 20-day statutory limitation, plaintiff filed a complaint in the court of common pleas and the same was duly served by the sheriff on the defendant on September 7, 1971.

Defendant now files preliminary objections and a motion to strike plaintiff's complaint, alleging that plaintiff failed to comply with section 3005 of the Minor Judiciary Court Appeals Act of December 2, 1968 (no. 355), 42 PS §3005.

The pertinent provisions of the section regarding appeals in civil proceedings reads as follows:

"(a) . . . an appeal from any final judgment . . . of an issuing authority . . . may be taken to the court of common pleas of the judicial district . . . by any party adversely affected by such action.

"(b) The appeal shall be taken within twenty days of said action by filing with the prothonotary of the common pleas court, a notice of appeal which shall be sworn to and (i) if the plaintiff before the minor judiciary court is the appellant, shall be in the form of a complaint. . . ."

Does the above statute require two instruments, to wit, a sworn notice of an appeal and also a complaint? We believe not. We believe the language to mean that the plaintiff, when he appeals, may file a sworn complaint and have it served on the defendant and this serves as a notice of appeal. We make this determination for three reasons:

1. We believe that the appeal procedure should be kept as simple and uncomplicated as possible.

2. The separate notice of appeal would serve no useful purpose.

3. Finally, we believe that the statute should be interpreted in the context that the notice of appeal shall be in the form of a complaint when the appellant is the plaintiff in the magistrate's court.

And now, February 23, 1972, defendant's preliminary objections are dismissed and defendant is given leave to file an answer to the within complaint within 20 days from the date hereof.